OPINION
{¶ 1} On October 4, 2001, Lydia Salisbury gave birth to Laken A.J. Salisbury. Sometime thereafter, the child began living in the residence of Ms. Salisbury's uncle, appellant, David Salisbury. On December 18, 2003, appellant was named legal guardian of the child.
 {¶ 2} On February 9, 2004, the Muskingum County Department of Job and Family Services determined appellee, Justin Wilson, to be the father of the child. On May 21, 2004, appellee filed a motion to terminate guardianship of minor. A hearing was held on August 12, 2004. By judgment entry field September 24, 2004, the trial court terminated the guardianship and certified the case to the Juvenile Division.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "The decision of the trial court to terminate the guardianship was not the issue tried to the court."
 II {¶ 5} "The decision of the trial court to terminate the guardianship is contrary to law and against the manifest weight of the evidence."
 III {¶ 6} "The order of the trial court granting appellee's motion to reopen the case and introduce further evidence was an abuse of discretion."
 I {¶ 7} Appellant claims the issue to terminate the guardianship was not tried to the court. We disagree.
 {¶ 8} In its judgment entry of September 24, 2004, the trial court terminated the guardianship, finding "good cause" pursuant to R.C. 2111.46. Said statute states the following:
 {¶ 9} "When a guardian has been appointed for a minor before such minor is over fourteen years of age, such guardian's power shall continue until the ward arrives at the age of majority, unless removed for good cause or unless such ward selects another suitable guardian. After such selection is made and approved by the probate court and the person selected is appointed and qualified, the powers of the former guardian shall cease. Thereupon his final account as guardian shall be filed and settled in court.
 {¶ 10} "Upon the termination of a guardianship of the person, estate, or both of a minor before such minor reaches eighteen years of age, if a successor guardian is not appointed and if the court finds that such minor is without proper care, the court shall certify a copy of its finding together with as much of the record and such further information as the court deems necessary, or as the juvenile court may request, to the juvenile court for further proceedings and thereupon such court shall have exclusive jurisdiction respecting such child."
 {¶ 11} Appellant argues appellee requested appellant's removal as guardian so that he could be appointed guardian. Appellant argues the standard of proof is different for "removal" of a guardian versus "termination" of a guardianship. Because appellee in essence requested "removal," the trial court should have considered the two-part test set forth in In reGuardianship of Sanders (1997), 118 Ohio App.3d 606, as opposed to the "good cause" standard for termination. The two-part test involves a determination that there has been a change of circumstances involving the ward or guardian and modification is necessary for the ward's best interest.
 {¶ 12} In his prayer for relief, appellee requested, "Wherefore, Justin R. Wilson prays the Court terminate the Guardianship of David C. Salisbury for Laken Addison James Salisbury and to appoint Justin R. Wilson as guardian for Laken Addison James Salisbury."
 {¶ 13} The trial court rejected the Sanders case, noting inSanders, "the mother seeking termination of the guardianship had surrendered her paramount right to custody by agreeing to a permanent guardianship and voluntarily relinquishing her custody rights." Judgment Entry filed September 24, 2004. In the case sub judice, appellee was not named as the father when the guardianship was established and was therefore unaware of any such proceedings. Appellee never relinquished or surrendered his custody rights therefore, Sanders does not apply.
 {¶ 14} Upon review, we concur with the trial court's analysis and find the proper issue was tried to the court.
 {¶ 15} Assignment of Error I is denied.
 II, III {¶ 16} Appellant claims the trial court's decision to terminate the guardianship was against the manifest weight of the evidence, and the trial court abused its discretion in permitting appellee to introduce additional evidence after hearing. We disagree.
 {¶ 17} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v.Garson, 66 Ohio St.3d 610, 1993-Ohio-9.
 {¶ 18} The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987),31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 19} In arguing manifest weight, appellant states appellee failed to prove he was the father of the child. During the hearing, appellee introduced Exhibit A, a copy of the administrative order from the Muskingum County Department of Job and Family Services establishing appellee as the father. Appellant objected to this exhibit as it was not a certified copy. T. at 62. The trial court took the motion to admit the exhibit under advisement. T. at 63.
 {¶ 20} On September 3, 2004, appellee filed a motion to substitute exhibit, seeking to submit a certified copy of Exhibit A. The trial court accepted the substitute exhibit in its judgment entry of September 24, 2004. Appellant argues the trial court abused its discretion in permitting appellee to "reopen" the case and introduce "further evidence."
 {¶ 21} The "further evidence" complained of was Exhibit A which was introduced during the hearing and became an issue because it did not contain a certified stamp. During argument on the exhibit, appellee requested a continuance to produce a certified copy. T. at 65. The trial court did not address the continuance request as it had already taken the motion to admit the exhibit under advisement.
 {¶ 22} Upon review, we find appellee did not seek to "reopen" the case to submit "further evidence." The "further evidence" was merely Exhibit A with a certified stamp which exhibit the trial court had taken under advisement. We find no abuse of discretion by the trial court in accepting the substitute exhibit.
 {¶ 23} Appellant clearly established he was the father of the child. See, Exhibit A. Upon learning he was the father, appellant immediately located his child and spent four hours with him. T. at 29-31. He consistently visited or called about his child, and several witnesses testified to his commitment to the child. T. at 17, 31-32, 47-48, 59.
 {¶ 24} Upon review, we find competent credible evidence to support the trial court's decision to terminate the guardianship.
 {¶ 25} Assignments of Error II and III are denied.
 {¶ 26} The judgment of the Court of Common Pleas of Holmes County, Ohio, Probate Division is hereby affirmed.
Farmer, J. Hoffman, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Holmes County, Ohio, Probate Division is affirmed.